An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DIANA RAMOS-MOLINA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62233

FILED

OCT 2 1 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK



*ORDER OF REVERSAL AND REMAND*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of conspiracy to commit robbery, burglary, robbery of a victim 60 years of age or older, and battery of a person 60 years of age or older with substantial bodily harm. Eighth Judicial District Court, Clark County; James M. Bixler, Judge.

First, appellant Diana Ramos-Molina contends that insufficient evidence supports her convictions. We disagree and conclude that the evidence, when viewed in the light most favorable to the State, is sufficient to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *See Jackson v. Virginia,* 443 U.S. 307, 319 (1979); *Mitchell v. State,* 124 Nev. 807, 816, 192 P.3d 721, 727 (2008).

Testimony at trial indicated that Ramos-Molina and the victim, a 74-year-old woman, had a quasi-familial relationship and Ramos-Molina was aware that her mother had stored a safe in the victim's bedroom. On February 3, 2012, a man and woman entered the victim's home and sprayed her in the face with mace. The suspects stuffed a rag in the victim's mouth, bound her arms and legs, then proceeded directly into her bedroom. Because the safe had been removed some time prior, the

13-31528

suspects left with only a cellphone, jewelry, and clothing belonging to Ramos-Molina. The victim was required to have surgery as a result of injuries sustained in the attack.

At trial, the victim testified that she immediately identified the female suspect as Ramos-Molina–noting that, although the suspect's face was obscured, she recognized Ramos-Molina's body shape, mannerisms, and eyes. Ramos-Molina asserted that she had an alibi for the night in question; however, testimony was presented that she confessed to law enforcement that she committed the crimes. In addition, Ramos-Molina's friend testified that she told him on the night in question she entered the home of her mother's friend to find money, was unable to find any, and took a cellphone. The friend also testified that he witnessed Ramos-Molina throwing away clothing which she indicated was worn while committing the crime.

We conclude that the jury could reasonably infer from the evidence presented that Ramos-Molina committed the charged crimes. *See* NRS 193.167 (additional penalty for crimes committed against person 60 years of age or older); NRS 199.480(1)(a) (conspiracy to commit robbery); NRS 200.380(1) (robbery); NRS 200.481(2)(b) (battery causing substantial bodily harm); NRS 205.060(1) (burglary). It is for the jury to determine the weight and credibility to give conflicting testimony, *McNair v. State,* 108 Nev. 53, 56, 825 P.2d 571, 573 (1992), and a jury's verdict will not be disturbed on appeal where, as here, sufficient evidence supports the verdict, *Bolden v. State,* 97 Nev. 71, 73, 624 P.2d 20, 20 (1981).

Second, Ramos-Molina contends that the district court erred by denying her motion to suppress her confession to law enforcement because it was obtained during a custodial interrogation in violation of

*Miranda v. Arizona*, 384 U.S. 436 (1966). A suspect is in custody for the purposes of *Miranda* if, under the totality of the circumstances, "a reasonable person in the suspect's position would [not] feel 'at liberty to terminate the interrogation and leave.'" *Rosky v. State*, 121 Nev. 184, 191, 111 P.3d 690, 695 (2005) (quoting *Thompson v. Keohane*, 516 U.S. 99, 112 (1995)). When considering the district court's custody determination, we review its factual findings for clear error and its legal conclusion de novo. *Id.* at 190, 111 P.3d at 694.

Having considered the totality of the circumstances, we conclude that the district court erred by determining that Ramos-Molina was not in custody. The following factors are relevant to our decision. After Ramos-Molina cancelled a pre-planned interview, a detective appeared at her home unannounced and asked her to accompany him to the police station. Ramos-Molina was placed in an interrogation room behind two doors that required keycards to unlock. The detective asked Ramos-Molina "[y]ou've never been arrested for anything. So this would be your first time, right?" which could reasonably be construed as an indication that she was under arrest. Although Ramos-Molina was told she was free to leave, retained access to her house keys, and used her cellphone during the course of the short interview, we conclude that a reasonable person in her position would not have felt free to terminate the encounter. *See id.* at 192, 111 P.3d at 695 (relevant factors for determining whether a suspect was in custody include "(1) the site of the interrogation, (2) whether the investigation has focused on the subject, (3) whether the objective indicia of arrest are present, and (4) the length and form of questioning" (internal quotation marks omitted)).

 

Having carefully considered the evidence presented at trial, we cannot say beyond a reasonable doubt that the admission of Ramos-Molina's confession was harmless. *See Arizona v. Fulminante*, 499 U.S. 279, 292 (1991) ("A defendant's confession is probably the most probative and damaging evidence that can be admitted against him." (internal quotation marks omitted)); *see also Carter v. State*, 129 Nev. ___, ___, 299 P.3d 367, 372 (2013). Accordingly, we

ORDER the judgment of conviction REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:   Hon. James M. Bixler, District Judge
      Clark County Public Defender
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk